T.C. Summary Opinion 2003-155


UNITED STATES TAX COURT


JEAN A. WEAVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19154-02S.          Filed October 21, 2003.


Jean A. Weaver, pro se.

<u>Bradley C. Plovan</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax in the amount of $660 for taxable year 2000. The issue for decision is whether a portion of the Social Security benefits received by petitioner in 2000 is includable in her gross income.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing her petition, petitioner resided in Elkridge, Maryland.

During the year in issue, petitioner received Social Security benefits totaling $8,756. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year. She reflected her filing status as "single" and reported adjusted gross income of $29,278. This amount did not, however, include any of the $8,756 of Social Security benefits that petitioner received during the 2000 taxable year.

Respondent contends that a portion of the Social Security benefits petitioner received in 2000 is includable as gross income under section 86. Petitioner contends otherwise, claiming that taxing Social Security benefits is unfair and amounts to double taxation.

Discussion

Social Security benefits are subject to income tax treatment pursuant to section 86. The amount of such benefits to be included in gross income is subject to a statutory formula. See sec. 86(a) through (d). Section 86 requires inclusion of the payments if the sum of the taxpayer's adjusted gross income (with certain modifications not relevant here) and one-half of the Social Security benefits received, exceeds a specified "base amount". Jelle v. Commissioner, 116 T.C. 63, 71 (2001). This base amount is $25,000 for a taxpayer, like petitioner, who is not married and did not file a joint return. See sec. 86(c)(1). Since petitioner reported adjusted gross income of $29,278 and received Social Security benefits totaling $8,756 during the 2000 taxable year, the base amount threshold is clearly exceeded. We therefore sustain respondent's determination that a portion of $8,756 petitioner received in 2000 as Social Security benefits must be included in petitioner's gross income for that taxable year.

We note that petitioner, like other taxpayers, has questioned the fairness of section 86. See, e.g., McAdams v. Commissioner, 118 T.C. 373, 379 (2002). However, "No scheme of taxation, whether the tax is imposed on property, income, or purchases of goods and services, has yet been devised which is free of all discriminatory impact." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 41 (1973). And this Court has

repeatedly held that section 86 does not suffer any constitutional infirmities.  McAdams v. Commissioner, supra.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.